**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MELINDA SMITH,**

       **Plaintiff,**

**v.**                             **Civ. Action No.1:19-CV-133**
                                             **(Kleeh)**

**UNITED STATES OF AMERICA,**

       **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 109],
GRANTING MOTION TO DISMISS OR SUMMARY JUDGMENT [DKT. NO. 94],
DENYING AS MOOT MOTION FOR RECONSIDERATION [DKT. NO. 67], AND
DISMISSING COMPLAINT [DKT. NO. 1] WITH PREJUDICE**

On April 15, 2019, pro se Plaintiff, Melinda Smith ("Smith" or "Plaintiff"), who was then incarcerated at FPC Alderson,[1] filed a "Request for Extension of Time to File Claim Under the Federal Tort Claims Act ("FTCA")" in the United States District Court for the Southern District of West Virginia, naming the Federal Bureau of Prisons ("BOP") as "respondent" [Dkt. No. 1]. Plaintiff requested a six month extension of time in which to file her FTCA complaint [Id.]. The request referenced BOP Administrative Tort Claim No. TRT-MXR-2018-05702 [Id.] in the style of the case and was construed as a letter form complaint seeking relief under the FTCA [Dkt. No. 3].

On May 24, 2019, Plaintiff filed her Amended Complaint on a

_____

[1] Plaintiff was released from prison on or about August 5, 2020.

Southern District of West Virginia form "Complaint for a Civil Case," naming the United States as Defendant [Dkt. No. 5]. The Amended Complaint was accompanied by a memorandum of law [Dkt. No. 6]. The facts giving rise to the Complaint occurred primarily at Hazelton Secure Female Facility ("HSFF"), in Bruceton Mills, West Virginia. By Order entered in the Southern District of West Virginia on July 1, 2019, the case was transferred to this Court [Dkt. Nos. 10, 12].

Plaintiff was sent a Court-approved FTCA packet and directed to clarify her claims [Dkt. No. 14]. Plaintiff moved for a 90-day extension of time in which to file her <u>Bivens</u>[2] and FTCA complaints on the approved forms [Dkt. No. 17] and the motion was granted in part, with Plaintiff being given 30 days to file her form complaints and her motion to proceed as a pauper with supporting documents [Dkt. No. 18]. Plaintiff's Second Amended FTCA Complaint was filed on September 3, 2019 with supporting documents [Dkt. Nos. 20, 21, 22, 23]. A September 5, 2019, Order was entered in error dismissing Plaintiff's FTCA case for failure to prosecute [Dkt. No. 24]. The dismissal Order was vacated on September 10, 2019, and the case reopened [Dkt. No. 25].

After some confusion about whether her case was still dismissed and whether Plaintiff was still proceeding with both her

---

[2] <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

<u>Bivens</u> complaint and FTCA complaint, on September 18, 2019, Plaintiff filed a letter with the Court contending that she had returned both completed complaints [Dkt. No. 32]. After having been directed to refile a copy of her <u>Bivens</u> complaint and having not done so, on October 24, 2019, an Order to Show Cause was entered giving Plaintiff another 14 days in which to comply [Dkt. No. 45]. Plaintiff replied to the Order requesting an extension of time to mail a third copy of the <u>Bivens</u> complaint [Dkt. No. 49], and a motion for reconsideration was denied as moot because Plaintiff was already given three months to file a third copy of the complaint [Dkt. No. 53]. Plaintiff's <u>Bivens</u> action was dismissed without prejudice for failure to prosecute on April 14, 2020 [Dkt. No. 63].

Following additional filings, including another motion for reconsideration by Plaintiff [Dkt. No. 67], on August 26, 2020, the United States filed a motion to dismiss or for summary judgment with supporting memorandum, together with certain records to be filed under seal [Dkt. Nos. 94, 95, 96]. Plaintiff requested extensions of time by which to respond and was specifically directed not to produce records from outside providers until such time as the Court determined whether a genuine issue of material fact existed [Dkt. No. 102]. Plaintiff filed her response with records from outside providers on October 23, 2020 [Dkt. No. 104].

Pursuant to Local Rule of Prisoner Litigation Procedure ("LR

PL P") 2, the case was referred to the magistrate judge for a preliminary review and report and recommendation ("R&R"). The R&R was issued on January 5, 2021, and recommended that the motion to dismiss or for summary judgment be granted and that Plaintiff's FTCA Complaint be dismissed with prejudice [Dkt. No. 109 at 19-20]. It further recommended that a motion for reconsideration filed by Plaintiff be denied as moot [Id. at 20]. The magistrate judge found that Plaintiff's claims for medical negligence and malpractice were barred under West Virginia Medical Professional Liability Act ("MPLA") requiring a screening certificate of merit and that her claims were untimely. The magistrate further determined that Plaintiff could not prove that any act or omission by a medical provider proximately caused her injury, and that her claim for damages was improper as in excess of that requested in her administrative tort claim.

The R&R also stated that "any party shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection" [Dkt. No. 109 at 20]. It further warned that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit

Court of Appeals" [Id.].  The R&R was forwarded to Plaintiff by certified mail on January 5, 2021, to the last known address that she provided the Clerk of Court [Dkt. Nos. 109, 107], but the mailing was returned as undeliverable on March 17, 2021 [Dkt. No. 110].  To date, no party has filed objections to the R&R.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff was informed by both the Local Rules of Prisoner Litigation and the Pro Se Prisoner Litigation Packets she received of the importance of keeping the Court advised of her current address.  The prisoner packets specifically state as Important Additional Information that "IF YOU DO NOT KEEP THE COURT ADVISED OF YOUR CURRENT ADDRESS, YOUR CASE WILL BE DISMISSED BY THE COURT".

Here, because no objections were filed, the Court is under no obligation to conduct a de novo review.  Accordingly, the Court reviewed the R&R for clear error.  Upon review, and finding no

clear error, the Court **ADOPTS** the R&R [Dkt. No. 109].  The Defendant's motion to dismiss or motion for summary judgment [Dkt. No. 94] is **GRANTED,** Plaintiff's motion for reconsideration [Dkt. No. 67] is **DENIED AS MOOT,** and Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED WITH PREJUDICE.**

The Court further **DIRECTS** the Clerk to enter judgment in favor of Defendant and to **STRIKE** this matter from the Court's active docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and to the pro se Plaintiff, via certified mail, return receipt requested, at the last known address as shown on the docket.

**DATED:** March 31, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE